MIN LIN, Petitioner,

v.

Eric H. HOLDER, Jr., United States

**Attorney General,[1] Respondent.**

**No. 08–2607–ag.**

United States Court of Appeals,
Second Circuit.

April 9, 2009.

Meer M.M. Rahman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; William C. Peachey, Assistant Director, Mona Maria Yousif, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Min Lin, a native and citizen of the People's Republic of China, seeks review of the April 29, 2008 order of the BIA denying her timely motion to reopen. *In re Min Lin,* No. A98 586 787 (B.I.A. Apr. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, *see Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006), and its subsidiary factual findings for substantial evidence, *see Shao v. Mukasey,* 546 F.3d 138, 169, 172–73 (2d Cir.2008).

Lin contends that the BIA failed properly to evaluate or consider her newly proffered evidence of feared future persecution based on her practice of Roman Catholicism.[2] *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (recognizing that BIA may deny motion to reopen where movant has not established *prima facie* eligibility for relief sought). We disagree. Notwithstanding

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

2. In her reopening motion, Lin reasserted as a ground for relief her fear of being forcibly

sterilized if returned to China. Because Lin fails to raise any such argument before us, we will not consider it. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005) (deeming argument not raised on petition for review abandoned).

Lin's presentation of generalized reports that unregistered religious groups in China were repressed or harassed, along with anecdotal evidence that her friend knew of an individual who was imprisoned for refusing to register with an official church, the BIA's conclusion was supported by substantial contrary evidence. Notably, State Department and other reports indicate that, when considered as a percentage of the Christian population, the detention of Christians was infrequent, and generally involved church leaders, not lay Catholics like Lin. Moreover, there was no evidence that such an incident had taken place in Lin's native province of Fujian. *See Shao v. Mukasey*, 546 F.3d at 170–71 (deferring to BIA's reasonable-fear-of-persecution findings supported, *inter alia*, by information contained in State Department reports); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (noting need for "reliable, specific, objective" evidence to demonstrate objectively reasonable fear of persecution (internal quotation marks omitted)). Thus, we are satisfied that, in reaching its conclusion, the BIA reasonably considered the arguments presented and adequately explained its underlying reasoning. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (explaining that, "where the BIA has given reasoned consideration to the petition, and made adequate findings," it need not "expressly parse or refute on the record each individual argument or piece of evidence offered" (internal quotation marks omitted)).

Finally, Lin argues that the BIA improperly deviated from two of its unpublished decisions. That argument, however, is foreclosed by the principle that "unpublished opinions of the BIA have no precedential value," *Ajdin v. Bureau of Citizenship & Immigration Servs.*, 437 F.3d 261, 264–65 (2d Cir.2006), and the fact that the BIA's analysis of evidence relevant to a well-founded-fear claim is typically case-specific, *cf. Shao v. Mukasey*, 546 F.3d at 156 (according *Chevron* deference to BIA's "case-by-case analysis" of claims alleging well-founded fear of forced sterilization).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).